IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD ANDREW WHITE,

    Plaintiff,                        No. CIV S-07-1743 LKK DAD P

    vs.

DIRECTOR OF CORRECTIONS,

    Defendants.                  FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or claims within a complaint if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

/////

1

1    In the present case, plaintiff has filed a complaint, challenging conditions of
2 confinement at CSP-Folsom.  The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was
3 amended to provide that "[n]o action shall be brought with respect to prison conditions under
4 section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or
5 other correctional facility until such administrative remedies as are available are exhausted."  42
6 U.S.C. § 1997e(a).  The United States Supreme Court has considered "whether or not a remedial
7 scheme is 'available' where . . . the administrative process has authority to take some action in
8 response to a complaint, but not the remedial action an inmate demands to the exclusion of all
9 other forms of redress."  Booth v. Churner, 532 U.S. 731, 736 (2001).  The Court concluded that
10 Congress has mandated exhaustion of prison administrative procedures "regardless of the relief
11 offered through [such] procedures."  Id. at 741.  In addition, the Court emphasized that it "will
12 not read futility or other exceptions into statutory exhaustion requirements where Congress has
13 provided otherwise."  Id. at 741 n.6.
14    Under regulations governing prison grievance procedures in California, state
15 prisoners "may appeal any departmental decision, action, condition, or policy which they can
16 reasonably demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15,
17 § 3084.1(a).  The administrative appeal system progresses from an informal review through three
18 formal levels of review.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  In light of the Supreme
19 Court's holding in Booth v. Churner, a California prisoner must file a prison grievance on all
20 claims challenging prison conditions and, as a general rule, proceed to the Director's level of
21 review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought
22 by the prisoner is available through the administrative appeal system.
23    A prisoner's concession to nonexhaustion is a valid ground for dismissal of an
24 action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  On plaintiff's original complaint
25 form, Question II.A. asks "Is there a grievance procedure available at your institution?"  Plaintiff
26 has checked the "Yes" box.  Question II.B. on the complaint form asks "Have you filed a

grievance concerning the facts relating to this complaint?" Plaintiff has checked the "No" box. (Compl. at 4.) If a court concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. Accordingly, given plaintiff's acknowledgment of non-exhaustion, the undersigned will recommend that this action be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to filing suit.[1]

Plaintiff is informed that if he decides to file a new action, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 3, 2007 application to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 27, 2007.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
whit1743.efr

---

[1] Dismissal without prejudice will permit plaintiff to file a new action upon exhaustion of the prison grievance process.

3